ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG ‒ 4 2023

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

JOSHIA SHAWN RENE RHODES (02)
a/k/a "Shawn, and "Jay Jay"

No.   4:23-CR-060-O

## PLEA AGREEMENT WITH WAIVER OF APPEAL
## PURSUANT TO FED. R. CRIM. P. 11(c)(1)(B)

JOSHIA SHAWN RENE RHODES ("the defendant"), the defendant's attorney,

and the United States of America ("the government"), agree as follows:

1.   **Rights of the Defendant**:   The defendant understands that the defendant

has the right:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have the defendant's guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:   The defendant waives these rights, waives any defenses based on any statute of limitations, and pleads guilty to the offense alleged in Count One of the Superseding Information, that is use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. §§ 1952(a)(3) and (A).   The defendant understands the nature and elements of the crime to which the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.   **Sentence:**   The penalties the Court can impose are as follows:

    a.   imprisonment for a period not more than five (5) years;

    b.   a fine not to exceed $250,000;

    c.   a term of supervised release of up to 3 years which may be mandatory under the law and will follow any term of imprisonment.   If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d.   a mandatory special assessment of $100;

    e.   restitution to victims or to the community, which may be mandatory under the law;

    f.   costs of incarceration and supervision;

    g.   forfeiture of property.

4.   **Court's sentencing discretion and role of the Guidelines:**   The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   The defendant has reviewed the guidelines

with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends a sentence of probation.   However, the defendant understands that this recommendation is not binding on the Court, and the defendant will not be allowed to withdraw the defendant's plea if the recommendation is not followed or if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable guideline range.   The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.   **Mandatory special assessment**:   The defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.   **Restitution.**   Pursuant to 18 U.S.C. § 3663(a), the defendant agrees to pay restitution for losses resulting from all of the defendant's criminal conduct, including relevant conduct and other criminal conduct related or similar to the defendant's offense of conviction, and understands that restitution will not be limited to losses stemming from the offense of conviction alone.   The defendant agrees to cooperate fully in the identification of assets to be applied toward restitution.   The defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to

Plea Agreement  - Page 3

sentencing regarding the subject matter of said form; (C) providing any documentation within the defendant's possession or control requested by the government regarding the defendant's financial condition; and (D) fully and truthfully answering all questions regarding the defendant's past and present financial condition in such interview(s).

7.    **Defendant's cooperation with financial investigation**:    In order to assist in the collection of fines and restitution, the defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution.   The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.    The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.    In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.    The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.    **Defendant's testimony**:    The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which the

Plea Agreement   - Page  4



defendant has knowledge. If the defendant chooses to do so, however, the defendant's testimony must be complete and truthful.   Incomplete or dishonest testimony will constitute a breach of this agreement.

9.   **Government's agreement**:   The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty and will move to dismiss, at sentencing, any remaining counts in the Indictment/Information other than those to which the defendant is pleading guilty.   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10.   **Violation of agreement**:   The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.   In such event, the defendant waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11.   **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

   12.   **Representation of counsel**:   The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's lawyer and is fully satisfied with that lawyer's legal representation.   The defendant has received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement.   Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

   13.   **Waiver of right to appeal or otherwise challenge sentence**:   The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives the defendant's right to contest the defendant's conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

14.     **Entirety of agreement**:      This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.


AGREED TO AND SIGNED this _2/_ day of _August_ , 2023.


LEIGHA SIMONTON
UNITED STATES ATTORNEY


**JOSHIA SHAWN RENE RHODES**
Defendant


**BRANDIE WADE**
Assistant United States Attorney
Texas State Bar No. 24058350
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:    817-252-5455
Email: brandie.wade@usdoj.gov


**VINCENT WISELY**
Attorney for Defendant


**ALEX LEWIS**
Deputy Criminal Chief


Plea Agreement   - Page  7

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.


_____     _____
JOSHIA SHAWN RENE RHODES                Date   8/4/23
Defendant


I am the defendant's attorney.   I have carefully reviewed every part of this plea agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.


_____     _____
VINCENT WISELY                                   Date   8/4/23
Attorney for Defendant


Plea Agreement   - Page 8